ALBERT MAYO and another *vs.* HENRY P. HUTCHINSON and another.

Under Pub. Laws of 1866, c. 52, a contract of suretyship is valid and binding on a married woman.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note of the following tenor.

$169.                          WINTERPORT, Sept. 19, 1868.

Sixty days from date, we jointly and severally promise to pay James H. Clark or order, one hundred and sixty-nine dollars with interest.

Witness, D. M. BELCHER.                    H. P. HUTCHINSON.
                                           C. E. THAYER.

The note was indorsed in blank.

Mayo v. Hutchinson.

The case was submitted to the presiding judge, each party reserving the right to except to any rulings in matters of law.

The presiding judge found that the second signer of the note was a married woman at the time she signed the note, and that she was only a surety on the note ; and thereupon ruled, as matter of law, that the action was maintainable under the statutes of this State, both against the principal and surety ; to which ruling the defendants alleged exceptions.

*N. H. Hubbard*, for the plaintiffs.

*C. H. Pierce*, for the defendants.

APPLETON, C. J.    The legislature of this State have been gradually enlarging the rights and extending the liabilities of married women.    By an act approved Feb. 23, 1866, c. 52, " The contracts of any married woman, made for any lawful purpose, shall be valid and binding, and may be enforced in the same manner as if she were sole,' &c.    The wisdom or expediency of this act is a matter solely for the legislature.    Its language is most general, and there can be no reasonable doubt as to its meaning.    A contract of suretyship is a lawful contract, and for a lawful purpose.    It is valid and binding on a married woman.    The married defendant may have been indiscreet in entering into it, but that is not the fault of the plaintiff.    Almost all who sign as surety have occasion to remember the proverb of Solomon : " He that is surety for a stranger shall smart for it, and he that hateth suretyship is sure."    But they are nevertheless held liable upon their contracts, otherwise there would be no smarting, and the proverb would fail.

*Exceptions overruled.*

*Judgment for the plaintiff.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.