J. L. MILLER, Administrator of the Estate of J. B.
    Miller, Deceased, *v.* JENNY H. FISHER and JOHN
    B. FISHER.

Married Woman of the Age of Twenty-one Years, or Upwards, may convey or incumber her separate property in the same manner as if she was unmarried, and a conveyance thereof by her does not require to be acknowledged by her on an examination separate and apart from her husband.

Complaint in Action to Enforce Contract of Married Woman need not allege that she is of the age of twenty-one years or upwards. If the defendant is under that age, she may plead that fact as a matter of defense, but a failure to aver in the complaint that she is of that age is not ground for a general demurrer.

Appeal from the district court of the second judicial district, Mohave county. The opinion states the case.

*J. P. Hargrave and J. A. Rush,* for the appellants.

This action is brought to compel the specific performance of a contract made by the defendant, Jenny H. Fisher, in the sale of her separate property, she being a married woman. A demurrer was interposed, and it was urged in the court below, in support of the demurrer, that the sale was void, not having been made in conformity with the requirements of section 6, page 306, of the compiled laws of

Arizona. That section requires that the sale shall be in writing, that the husband shall join, and that the writing shall be acknowledged by the wife. That section was enacted in 1865, and counsel for appellants maintain that it was repealed by the act of 1871, relating to the separate property of married women. Comp. Laws, 310, sec. 1.

Counsel for appellants cite as authority the acts of the legislature of Arizona in regard to the rights of married women. Comp. Laws, 305–310.

The court below erred in sustaining the demurrer and giving judgment for the defendant.

*A. E. Davis,* for the respondent.

The appeal is from the judgment of the court in sustaining the demurrer to the complaint. While the complaint shows that the alleged contract was made with a *feme covert,* it does *not* allege that it was made in the *manner* and *form* required by law, and hence can not be enforced. Comp. Laws, 306, c. 32, sec. 6.

The act of 1871, relating to the separate property of married women, does not repeal any other portion of section 6 than that which gives the husband the control and management and requires him to join in the writing necessary for its conveyance, alienation, etc.

The evident intention of the legislature was, by the provisions of section 6: 1. To give the control of the wife's separate property to the husband; 2. To protect her against any duress he might attempt to exercise over her in relation to the disposition of that property.

The amendment of 1871 intends to further the independence of the wife by relieving her of the necessity of the consent of her husband in the management or disposition of that property, but it does not directly nor impliedly do away with the second provision of section 6, viz., that her disposition or incumbrance of the separate property shall be by a written acknowledgment, separate and apart from her husband, etc., that it was her free act.

In the construction of a statute, force and effect is to be given to every portion of it, and courts will not, except when the language is so vague and indefinite as to be destitute of meaning, reject any part of it. *Chever* v. *Hays,* 3

Cal. 471; *People* v. *Waterman*, 31 Id. 412; *San Francisco* v. *Hazen*, 5 Id. 169; *Smith* v. *Randall*, 6 Id. 47; *Seabury* v. *Arthur*, 28 Id. 142; *Burnham* v. *Hays*, 3 Id. 115; *Cullerton* v. *Mead*, 22 Id. 95.

Statutes in derogation of common law must be construed strictly. *Turner* v. *Tuolumne Co. Water Co.*, 25 Cal. 397; 1 Kent's Com.502, 513.

An act containing a clause repealing all acts and parts of acts inconsistent with its provisions, but not repealing by name a previous act on the same subject-matter, leaves in full force all such portions of the previous act as are not in conflict with its provisions. *People* v. *Durick*, 20 Cal. 94. Repeal of statutes by implication is never favored. *Crosby* v. *Patch*, 18 Cal. 438; *Scofield* v. *White*, 7 Id. 400; *People* v. *San Francisco & S. J. R. R. Co.*, 28 Id. 254.

A contract by a married woman is null and void unless evidenced by writing duly acknowledged in the manner and form by law required. *Barrett* v. *Tewksbury*, 9 Cal. 13; *Maclay* v. *Love*, 25 Id. 367; *Love* v. *Watkins*, 40 Id. 547.

The complaint does not allege that Jennie H. Fisher is not of the age of twenty-one, and upwards.

By Court, TWEED, J.:

The appeal is from the district court, second judicial district, Mohave county. As appears by the complaint, the action was brought to enforce the performance of a verbal contract entered into by the defendant, Jenny H. Fisher, a married woman, for the sale and delivery of certain personal property to the plaintiff, the same being her separate property, and claimed and held by her as such.

A demurrer to the complaint was interposed, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and from the judgment thereon the appeal is taken. The counsel for the respondent relies upon two points made in his brief and argued at the hearing of the cause: 1. That the sale or alienation of the property mentioned in the complaint was not evidenced or accompanied by any instrument in writing, signed by the said Jenny H. Fisher, and by her acknowledged upon an examination separate and apart from her husband before a proper officer, and that the same was

therefore void.   2. That it is nowhere alleged in the complaint that the said Jenny H. Fisher is of the age of twenty-one years.

Upon the point first made, the counsel cites section 6 of amendments to chapter 32, compiled laws, page 306, approved December 30, 1865, and insists that the act relating to the separate property of married women, approved January 22, 1871, compiled laws, page 310, modifies the section cited to the extent only that the wife need not be joined with her husband in a sale or alienation of her separate property, but that such sale or alienation must be made or accompanied by some written instrument signed by her, and by her acknowledged upon an examination separate and apart from her husband, etc.  It is pertinent, in considering this point, to refer to the provisions of the law upon the subject prior to the passage of the act of 1865, hereinbefore referred to.

The first section of chapter 32, Howell's code, approved November 10, 1864, and passed at the first session of the legislature of the territory, reads as follows:   "The real and personal property of every female acquired before marriage, and all property real and personal to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, or engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, or bequeathed by her, in the same manner and with the like effect as if she were unmarried."

The chapter was amended by the act of December 30, 1865, hereinbefore referred to, the sixth section of which reads as follows: "The husband shall have the management and control of the separate property of the wife during the continuance of the marriage, but no sale or other alienation of any part of such property can be made, nor any lien or incumbrance created thereon, unless by instrument in writing, signed by husband and wife, and acknowledged by her upon an examination separate and apart from her husband before a justice of the supreme court, probate judge, or notary public; or if executed out of the territory, then acknowledged by some judge of a court of record, or

before a commissioner appointed under the authority of this territory to take acknowledgments of deeds."

The act of January, 1871, reads as follows: "Married women of the age of twenty-one years, and upward, shall have the sole and exclusive control of their separate property; and may convey and transfer lands, or any estate or interest therein vested in or held by them in their own right, and without being joined by the husband in such conveyance, as fully and perfectly as they might do if unmarried."

It will be seen that the act of 1864, the first legislation upon this subject had in the territory, placed the wife upon precisely the same footing with unmarried women as to any contract, sale, transfer, or mortgage of her separate property. The husband had no legal interest in such property, nor need he, in any manner, be consulted as to its disposition. She was competent to make contracts concerning it by parol or in writing, in the same manner as any other person might do as to his or her separate property. Then in 1865 the law was changed, and the entire control of the property was given to the husband, guarded, however, by requiring proof of the wife's consent to any alienation; and herein arose the necessity for the provision as to an examination and acknowledgment separate and apart from her husband.

We have examined these several statutory provisions with care, and we can not adopt the construction which the counsel for the respondent applies to the act of 1871. On the contrary, we think it clear that that act was intended wholly to exempt married women of the age of twenty-one years and upwards from the operation of section 6, in the act of 1865, and to place them precisely where they stood in regard to their separate property under the law of 1864, leaving said section in full force as to married women under that age, who might well be supposed to need the security from imposition provided by the act of 1865 more than persons of more mature age.

The second point made by the respondents is not well taken. It does not appear from the complaint that the defendant, Jenny H. Fisher, was under the age of twenty-one years. If such was the fact, it might have been pleaded as matter of defense, but the failure to aver in the complaint

that she was of the age of twenty-one years is not ground for a general demurrer.

Judgment must be reversed and the cause remanded for future proceedings, and it is so ordered.