SAMUEL NELSON VS. M. G. MILLER, Adm'x, etc.

1. MARRIED WOMAN: *Her separate estate. Power to charge the* corpus *or the income.*

A married woman cannot execute a valid promissory note, except in course of trade and business, under the Code of 1871, § 1780. Though she gives a note for what she may charge her separate estate for, recovery may be had by showing the consideration. Her note jointly with her husband, or separately, of itself imposes no liability.

2. SAME: *Conveyance of real estate in trust.*

When the transaction constitutes a valid claim against the separate estate of a married woman she may, jointly with her husband, convey her real estate and bind the *corpus* as a security for the debt, and it may be subjected according to the conveyance. It is otherwise when the debt is not a charge upon her separate estate, and could only bind the income.

APPEAL from the Chancery Court of *Washington* County. Hon. E. STAFFORD, Chancellor.

The bill alleges that on December 21, 1859, Samuel Nelson and Eunice R., his wife, made their trust deed to A. H. Ringgold, as trustee, to secure Mason Pilcher and E. M. Goodrich the payment of six promissory notes, amounting to $5,250, conveying the lands in controversy; that the trustee has died, and that the notes are due and unpaid; that Samuel and Eunice R. have also died, leaving the heirs at law named in the bill, and making them defendants, and praying for substitution of a trustee.

The trust deed in the *habendum* is to Ringgold, '' his heirs, and assigns forever.''

To the bill a demurrer was filed setting up the following grounds:

1. No equity on the face of the bill.

2. Failure to file the notes; and,

3. Other causes to be assigned 'at the hearing.

The demurrer was overruled and sixty days allowed to answer.

The answer was filed by a portion of the defendants; admits the execution of the notes and mortgage; states that there are *minor* defendants (giving their names); that the mortgage by

their mother, on her property, was to secure an antecedent debt of their father to Pilcher and Goodrich, composed in the main of illegal and usurious charges; that she was induced to execute the mortgage upon the idea and belief that her husband really owed the debt; that she was the owner of the lands, having acquired the same in 1847, and that the father had no interest in the lands; insists that the minor defendants are entitled to maintenance and support; that since her death some member of the family has continually resided on the land, and pleads coverture of their mother at the time the deed was executed.

Goodrich proves that the notes were given for an antecedent debt of Nelson, and that the land belonged to Mrs. Nelson, and that when Nelson commenced business with his firm he owed nothing. He did business with said firm four or five years.

Mason Pilcher shows that the notes were sold and placed to credit of Nelson's account, and that he did business with the firm four or five years.

N. T. Nelson proves that the notes were given for slaves, and were his father's debt. On February 3, 1873, the court substituted a trustee and decreed a sale of the land, and from that decree this appeal was taken.

The following errors, in substance, are assigned:

1. Overruling the demurrer.

2. Decree without *pro confesso*.

3. In not appointing guardian *ad litem* for minor defendants.

4. In appointing guardian *ad litem* for parties not before the court.

5. In not dismissing the bill.

*W. L. Nugent*, for appellant:

1. The demurrer should have been sustained; heirs at law of trustees were necessary parties. 40 Miss., 618; Story's Eq. Pl., §§ 75, 77, 236.

2. No *pro confesso* as to defendants before the court. 1 How., 333; 44 Miss., 100; 6 S. & M., 61.

3. No guardian *ad litem* for the proper parties. 6 S. & M., 485; 24 Miss., 154; 36 ib., 495; Story's Eq. Pl., § 70; 44 Miss., 571.

4. The decree was wrong. There was no proof of the debt claimed as against the minors. It is true some proof was attempted as to the consideration of the note and as to the signatures to the notes, but without notice to the minors or their guardian *ad litem*. Story's Eq. Pl., §§ 871, 892; 1 Daniel Ch. Pr., 219; 3 Johns. Ch., 367; 8 Ohio, 377; 1 McLean, 25; 3 Dana, 35.

5. The debt sued for was the debt of Samuel Nelson, and not the debt of Eunice R. Nelson, to whom the land belonged. Her estate was not bound for that beyond the annual income thereof, as has been frequently held by this court and the statute requires. Besides, no provision was made for the support of the minor children. The legal title vested in them. Ida Petway and Mary Nelson were not made parties. Story's Eq. Pl., § 236; 33 Miss., 269; 40 ib., 618; 10 S. & M., 301.

[The reporters find no brief on file for appellees.]

Campbell, J., delivered the opinion of the court.

The record of this case shows numerous irregularities and errors, for which the decree must be reversed. None of the non-resident defendants were made parties according to law. The affidavit for obtaining the order of publication was " filed " 26th of October, 1869. No order of publication appears in the record except as contained in the proof of publication, and that order appears to have been made on the 27th of October. Publication was begun on the 30th of October, and ended on the 20th of November. The court commenced its term on the 22d of November. There were not four weeks between the date of the first publication and the day when the parties were required to appear.

The court proceeded to final decree without having rendered a *pro confesso* against some parties defendant. No guardian *ad litem* was appointed for Mary Nelson, an infant. Ida E.

Petway, who married Mr. McNeilly after suit brought, was not named in the bill as a defendant, though served with process.

The demurrer was properly overruled.

As the other errors render it necessary to reverse the decree, we forbear to do more in reference to the only remaining cause of error assigned than to announce the principles of law which should guide in the trial of this case. A married woman cannot execute a valid promissory note, except in the course of her trade and business as engaged in by her under § 1780, Code. Though she gives a note, if it can be shown that it was given for what she may by law contract for and charge her separate estate with liability for, a recovery may be had against her separate estate by showing the consideration. In other words, if she is legally indebted in the transaction in which she gives her note, it is not a barrier to the enforcement of her legal liability. But if the transaction out of which the note arises does not furnish a legal charge against the wife's separate estate, her execution of a promissory note jointly with her husband, or separately, does not impose any liability on her. When the transaction is such as to constitute a valid claim against the wife's estate, her conveyance of her separate estate, joined in by the husband, and properly acknowledged as a security for her debt, is a charge on the *corpus* of her estate, and it may be subjected according to the conveyance. But when the transaction does not impose any legal liability on her estate as a debt incurred by her, and she joins her husband in a conveyance to secure his note or the joint note of herself and husband, it is in such case but the debt of the husband, and only " her income " can be subjected. A complainant does not entitle himself to a decree to subject the wife's estate by exhibiting a promissory note signed by her and husband. As against her, that, unassailed, entitles complainant to subject " her income," but to warrant a decree for the *sale* of the *estate* it must appear satisfactorily in the cause

that the transaction constituted a legal liability of the wife's
separate property.

Whether the right of the creditor holding a conveyance or
incumbrance of the wife's separate property, for the separate
debt of the husband, to have her income applied to this demand
terminates at her death, has not been decided in this state, but,
as Mrs. Nelson has died, if it shall appear in the progress of
this cause that the transaction out of which sprung the notes
and deed of trust involved in this controversy did not impose
any legal liability on Mrs. Nelson, but constituted the separate
debt of her husband, the question of the right of the creditor
to subject the income of the estate embraced in the deed of
trust, after her death, will be a legitimate subject of investi-
gation and decision.

The decree is reversed and the decree *pro confesso* set aside,
and the cause remanded for complainant to make all necessary
parties defendant by proper proceedings.