## HENRY A. KOHN *et al.*

### *v.*

## SARAH S. RUSSELL.

1. MARRIED WOMAN—*power to charge her separate estate.* Under the laws in force in 1873, a married woman was capable of charging her separate estate for the benefit of such estate or for her own personal use, but was incapable of so charging it with the debt of another with which she had no connection save that of security or guarantor. She could not guaranty the payment of a debt contracted at the same time by a firm of which her husband was a member.

2. GUARANTY—*waiver of homestead, etc., to land appearing of record.* A clause in a guaranty by a married woman, waiving all rights of dower and homestead in any real estate which appeared at the time on record in her name, and purporting to charge such land with the debt of another, can not embrace a tract of land not appearing in her name of record, when she has made no fraudulent representations that she had a record title to such tract.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Before, and on the 18th of September, 1873, one Russell, in partnership with one Bradbury, was doing business under the firm name of Russell & Bradbury. Appellee was the wife of Russell. Thereupon, Russell & Bradbury proposing to purchase a bill of goods from appellants, on that day Mrs. Russell executed and delivered to appellants a paper in the following words:

*"Chicago, September* 18, 1873.

In consideration of $1, to me in hand paid by H. A. Kohn & Bros., of Chicago, for purpose of securing a credit with them for the firm of Russell & Bradbury, of Colchester, Illinois, I hereby guarantee the full and punctual payment to H. A. Kohn &. Bros. of bill of merchandize purchased of them this day by Russell & Bradbury, on credit of four months, and amounting to a sum not to exceed $1000; and I further guarantee that the said bill shall be promptly paid at maturity, whether the same be on open account, or be settled

by note. And it shall not be necessary for the said H. A. Kohn & Bros. to prosecute the said Russell & Bradbury, but recourse can be had to me at once on failure of said Russell & Bradbury to pay for the bill at maturity.

"For like consideration I waive all rights of dower and homestead in any real estate which now appears on record in my name. Witness my hand and seal on the date above given.

Mrs. SARAH RUSSELL, (seal.)"

On that day Russell & Bradbury bought of appellants a bill of merchandize amounting to $1094.88, which was made out in the following words:

"*Russell & Bradbury,*                              *Dr.*
        *To H. A. Kohn & Bros.*
Sept. 18, 1873. To merchandize,       -       -     $1094.88."

On this bill Russell & Bradbury paid $104.48; the balance was not paid. At the time of making this guaranty, forty-six acres of the north-west quarter of section 16, township 9, range 1, Warren county, Illinois, was in possession of one Moore as the tenant of Mrs. Sarah S. Russell, and he paid rent to her. At that time the title to this tract of land was in Richard Johnson, held by a conveyance from Samuel Reynolds, dated March 7, 1853. Reynolds was the father of Mrs. Russell, and the title to the residue of the land was in William F. George, by conveyance from the government in 1836.

This is a bill in chancery, charging, among other things, that at the time of the execution of this guaranty defendant was and still is the owner of and in possession of that quarter section of land, and that she specifically charged the same with said guaranty, also charging that she and her husband were conspiring to defraud the complainants by claiming that she was not the owner of any real estate, and by keeping her deeds off the record; and the prayer of the bill was that defendant should be decreed to pay the $1000 with interest from September 18, 1873, and in default a receiver should be appointed to take possession of her personal estate not exempt from

140       KOHN *et al. v.* RUSSELL.       [Sept. T.

Opinion of the Court.

execution, and to receive and sequester the profits of defend-ant's real estate in payment of said claim, and that they have other and further relief.

The circuit court, upon hearing of the case upon bill, answer and proofs, entered a decree dismissing the bill at appellants' costs. To reverse this decree this appeal is prosecuted.

Messrs. STEWART, PHELPS & GRIER, for the appellants.

Mr. J. M. KIRKPATRICK, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is not perceived how this bill can be sustained. Before our recent statutes a married woman in the State of Illinois was incapable of binding herself personally by such a guaranty as is presented in this case. The debt which she undertook to guaranty was not her debt, but that of the firm of Russell & Bradbury. Properly speaking, it was not contracted for her benefit or profit or for the benefit of her estate.

As the law then stood, a married woman was capable of charging her separate estate for the benefit of such estate or for her own personal use, but was incapable of so charging it with the debt of another with which she had no connection save that of security or guarantor.

By the instrument it is declared that she waives all right of dower and homestead in any real estate which then appeared on record in her name. This clause of the agreement seems to have been made under a misapprehension of the law, and upon the supposition that she was capable of making herself liable personally, at law, for the breach of such guaranty, and seems to have been intended to expose real estate, to which she had a record title, to execution for the satisfaction of any judgment which might be recovered at law against her for the breach of the guaranty, but it is shown by the proofs that she had no record title to the land in question. By the language of the agreement it has no reference to this tract of land.

It is charged in the bill, that in order to induce appellants to give credit thus to Russell & Bradbury, appellee represented to appellants that she owned a farm in Warren county, given to her by her father, worth $8000, and that she held the deed for the same in her own name. But this allegation is denied in the answer. One of appellants testifies that she told him she owned a farm worth $8000, free from incumbrance, which she had obtained from her father, but does not state that she said it lay in Warren county. Mr. Fox, the salesman of appellants, testifies that she made statements to him to the same effect, and adds that she said the farm lay not far from Abingdon, Illinois.

Appellee testifies that she did not tell Kohn that she had a farm worth $8000 in Warren county, Illinois, and told him nothing about any farm. Did not tell him that her father gave her the farm. That she heard no farm mentioned. And this is all the testimony in the case on this subject.

There is no charge in the bill that such representations alleged to have been made by Mrs. Russell were made fraudulently, or that they were false, nor does the bill charge or the evidence show that Mrs. Russell at any time represented that she had a record title to this tract of land. The only fraud alleged in the bill is the allegation of fraudulent conspiracy on the part of Mrs. Russell and her husband to cheat appellants by keeping her deed or deeds off the record. There is no proof whatever to support this allegation.

There is no evidence that she ever had a deed from her father or anybody else granting title to this tract of land.

The decree of the circuit court was right and must be affirmed.

*Decree affirmed.*