[Civil No. 150. Filed October 20, 1885.]

[S. C. 8 Pac. 302.]

RICHARD WOFFENDEN, Plaintiff and Appellant, v. PEDRO CHAROULEAU et al., Defendants and Respondents.

1. STATUTES CONSTRUED—COMPILED LAWS 1871, § 1, § 6, § 9 C. 32, AS

AMENDED DEC. 30, 1865, AND § 1 c. 32, AS AMENDED JAN. 22, 1871, ACT NO. 5, p. 5, LAWS OF 1885.

2. HUSBAND AND WIFE—RENTS AND PROFITS OF EITHER HUSBAND'S OR WIFE'S SEPARATE ESTATE COMMUNITY PROPERTY UNDER STATUTE.— Under § 9, *supra*, rents and profits of the separate estate of either husband or wife are common property.

3. SAME—RULE STATED CHANGED BY ACT NO. 5, LAWS OF 1885, *Supra*.— The legislature of 1885 changed and settled the law for the future to be that the rents, issues, and profits of the separate, estate of either husband or wife are separate property.

*Charouleau* v. *Woffenden*, 1 ARIZ. 243, 25 Pac. 652, OVERRULED.

APPEAL from a judgment of the District Court of the ·First Judicial District in and for the County of Pima. Affirmed.

The facts are stated in the opinion.

F. W. Gregg and H. R. Jeffords, for Appellants.

Farley and Franklin and Alexander Campbell, for Respondents.

The act of 1871 is in direct conflict with section 9, page 329, of the compiled laws, and has been declared so to be by this court in *Charouleau* v. *Woffenden*, 1 Ariz. 243, 25 Pac. 652; *Woffenden* v. *Charouleau*, 1 Ariz. 346, 25 Pac. 662, and substantially in *Miller* v. *Fisher*, 1 Ariz. 232, 25 Pac. 651. The reasoning of the court is unanswerable.

In *George* v. *Ransom*, 15 Cal. 322, 76 Am. Dec. 490, the Supreme Court of California decided that a section identical with section 9 was in direct violation of that section of the California constitution which provides that all real and personal property of the wife owned or claimed by her before marriage and that acquired afterward by gift, descent or devise shall be her separate property. See also Pomeroy's Equity Jurisprudence, vol. 3, § 1104 and § 1105, p. 26 to 29, inclusive, and note 1 to page 27.

2. The theory of the law of 1865, of which section 9 was a part, was that while the wife might remain the nominal owner of her separate property, her ownership for all substantial or beneficial purposes should be practically suspended during coverture, and the real ownership, that is to say, the right to use and enjoy, should be transferred to her husband. The theory of the act of 1871 is that married women may do what they please with their own.

PINNEY, J.—In June, 1882, appellant filed his complaint in the Pima district court, alleging that he and defendant Anna C. Woffenden were married in August, 1872, in the city of Tucson, and continued to be husband and wife until May, 1879, when they were divorced. The complaint then sets up that defendant Anna C. Woffenden acquired as community property certain lots and real property, some of this property being purchased by her in 1873, and some in 1874; and that during their marriage relation defendant Anna C. Woffenden received and appropriated to her own use the rents and profits of this real property; and that during the continuance of said marriage relation defendant Anna C. appointed defendant Jean P. Charouleau an agent to collect the rents and profits, and that since the dissolution of the marriage, defendant Charouleau has continued to collect and retain the rents and profits, but has refused, and still does refuse, to account for or pay to plaintiff any part thereof. The complaint then avers that defendant Charouleau gives out, asserts, and claims that he is the owner of the whole of the property described in complaint; that his pretense and claim is without right. Added to this is a prayer (1) for the appointment of a receiver to collect the rents and profits; (2) that defendants account to plaintiff, and pay over to him one-half of the rents and profits received from said lands since May, 1879; (3) that it be decreed that plaintiff is the owner of an undivided half interest in the lots and lands described; (4) that defendant Charouleau be forever enjoined and barred from asserting any title or claim to the same; (5) that the property described be equally divided between plaintiff and defendant Anna C.

The answer denies that plaintiff and defendant Anna C. acquired as community property the lots and lands set forth in complaint, and alleges that the same was bought and paid for by her with moneys possessed by her prior to her marriage with plaintiff; denies that defendant Anna C. received and appropriated to her own use and benefit any community property; denies that she appointed defendant Charouleau agent to collect rents and profits.

The separate answer of defendant Charouleau sets forth that he is the owner, in good faith, and for a valuable consideration, of the real estate described in complaint; that he purchased the same in June, 1875, and immediately entered into exclusive possession of the same.

At the trial in the court below the plaintiff proved that the defendant Anna C. Woffenden purchased the various parcels of land mentioned in the complaint with moneys which she collected from rents of her separate property, some of which she had before her marriage, and some she bought afterwards. The plaintiff then offered to prove that all the lands mentioned in complaint were purchased during coverture by Anna C. Woffenden from the rents, issues, and profits of her separate estate. This was objected to, and objection sustained by the court, for the reason that this court had in the case of *Charouleau* v. *Woffenden,* 1 Ariz. 243, 25 Pac. 652, decided that the rents and profits of a married woman were her own separate property, and not the common property of husband and wife. And the question is here again squarely presented: Do the rents, issues, and profits of a married woman's separate property become solely vested in her, or is the same community property?

If the legislature has by statute fixed the rights of husband and wife in plain and unambiguous language, then there is no room left for a construction by the court. Section 1, c. 32, provides:

"All property, both real and personal, of the wife owned by her before marriage, and that acquired afterwards by gift, devise, etc., shall be her separate property."

Section 6 of that chapter provides:

"The husband shall have the management and control

of the separate property of wife during the continuance of the marriage, but no sale or other alienation of any part of such property can be made, etc., unless by an instrument in writing, signed by the husband and wife, and acknowledged by her upon an examination separate and apart from her husband.''

Section 9 of the same chapter provides:

''The husband shall have the entire management and control of the common property, with the like absolute power of disposition as to his own separate estate. And the rents and profits of the separate estate of either husband or wife shall be deemed common property, unless, in the case of the separate property of the wife, it shall be provided by the terms of the instrument whereby such property may have been bequeathed, devised, or given to her that the rents and profits of such property shall belong to the wife, and shall not be liable for the debts of the husband.''

In 1871 an act relating to the separate property of married women was passed and approved, as follows:

''Section 1. Married women of the age of twenty-one years and upwards shall have the sole and exclusive control of their separate property, and may convey and transfer the lands, or any estate or interest therein, vested in or held by them in their own right, and without being joined by her husband in such conveyance, as fully and perfectly as they might do if unmarried.

''Sec. 2. All acts and parts of acts so far as they conflict with the provisions of this act are hereby repealed.''

This act repeals section 1, *supra,* in so far as the same is in conflict therewith. The provisions of the act are clear and plain. The wife shall have full power to sell, etc., without joining her husband in the conveyance. It is perfectly clear, then, that under this law the wife had the right to sell and convey the property in dispute. It is also clear under section 9, *supra,* that the rents and profits of either husband or wife are common property. By that act it is provided that the wife shall have the sole and exclusive control of her separate property, with power to sell, etc.; nothing is said about the rents and profits, while the other portion of the statute stands in full force,

making the rents and profits common property.   True, the
wife has the right to sell and convey; but if she does not
desire to do that, and prefers to retain, hold on to, and
rent the same, then the rents received by her become com-
mon property, and the same could be reached by a cred-
itor, or by the husband himself, if the action was brought
in the proper time and manner.   Should she use this com-
mon money received, for rents and profits, an action would
lie for money had and received, and possibly, under a proper
case, the husband might maintain an action against her for an
interest in real estate purchased by her with this common
money.

The record in this case shows defendant Charouleau to
have been a *bona fide* purchaser of all the real estate in
dispute, and whatever right of action the husband might
have had against the wife, clear it is that the title of
defendant Charouleau cannot be disturbed.   The case of
*Charouleau* v. *Woffenden,* 1 Ariz. 243, 25 Pac. 652, in so
far as the same conflicts with this decision, is overruled.
For the reasons given, the judgment and order appealed
from are affirmed.

HOWARD, C. J.—I concur.   The construction given by
Mr. Justice Pinney to the statute referred to seems to be
in accord with the views of the legislature of 1885, which
body changed and settled the law for the future by enacting
(act No. 5, p. 5) that "the rents, issues, and profits of the
husband's separate property shall be his separate property,
and the rents, issues, and profits of the wife's separate
property shall be her separate property."   It is reasonable
to presume that this legislation came from the conviction
that the former statute did not express the legislative in-
tent to the same purpose and effect.