[Civil No. 149½.  Filed May 31, 1886.]

[S. C. 11 Pac. 117.]

RICHARD WOFFENDEN, Plaintiff and Appellant, v. JEAN PIERRE CHAROULEAU et al., Defendants and Respondents.

1. HUSBAND AND WIFE—SEPARATE ESTATE—WIFE HAS RIGHT TO CONVEY OR LEASE—RENTS AND PROFITS ARE SEPARATE ESTATE—"MARRIED WOMAN'S ACT" OF 1871 CONSTRUED (par. 2000 p. 332, Comp. Laws 1877)—MILLER V. FISHER, 1 ARIZ. 232, 25 Pac. 651, CHAROULEAU V. WOFFENDEN, 1 ARIZ. 346, 25 Pac. 662, CITED AND APPROVED—STARE DECISIS—WOFFENDEN V. CHAROULEAU, ANTE—, 8 Pac. 302, RE-VIEWED AND DISAPPROVED IN PART.—Under "Married Woman's Act" of 1871, a married woman may convey or lease her separate real estate, and may enforce such lease by collecting rents, and the rents so collected are her separate property. Cases, *supra*, reviewed and approved. Where opinions of this court have stood for more than ten years and have become a settled rule of property upon the faith of which rights have become established, and to overrule them would work confusion, rule of *stare decisis* should be invoked. Woffenden v. Charouleau, *ante*, p. 44, 8 Pac. 302, re-viewed, and, so far as question of ownership of rents and profits is discussed, held *obiter dicta*, and disapproved.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Affirmed.

The facts are stated in the opinion.

F. W. Gregg and H. R. Jeffords, for Appellant.

Farley & Franklin, and Alex. Campbell, for Respondents.

BARNES, J.—This was an action by the plaintiff against Anna C. Woffenden, his divorced wife, and her co-defend-

ant, in which he seeks to require her to account to him for the rents and profits of her separate real estate during coverture, and asking, also, that he be declared to be the owner of the undivided one-half of the real estate conveyed by her during coverture to her co-defendant. The plaintiff on the trial offered to prove that all the lands mentioned in the complaint were purchased during coverture, by her from the rents, issues, and profits which accrued during coverture, of her separate estate. The court held that the testimony of this witness was irrelevant, and refused to admit the same.

This raises again squarely before this court the question whether the act of 1871, commonly called the "Married Woman's Act," makes the rents, issues, and profits, during coverture, of the separate real estate of a married woman, her separate estate. The case of *Miller* v. *Fisher,* 1 Ariz. 232, 25 Pac. 651 (decided at the January term, 1875,) is the first case in this court where that act was before the court for construction. That was a suit to enforce a verbal contract of sale by a married woman of certain personal property. The court held that, by virtue of the act of 1871 aforesaid, she was capable of making a valid contract of sale of her separate property. In argument the case goes further than this, but to this extent we reaffirm the decision. The force of this decision leads to the conclusion that she may lease her separate real estate. If she may make a vaid contract of lease, she may enforce it by collecting rents, and the rents so collected are her separate property. This question came squarely before the court at the January term, 1876, in the case of *Charauleau* v. *Woffenden,* 1 Ariz. 243, 25 Pac. 652, and was considered with great care, and it was decided that the rents and profits of the separate estate of a married woman accruing during coverture are her separate estate; and, if she invests such rents and profits in other real property, it is her separate estate. The case seems to have been argued with great· ability, and the decision is the mature judgment of this court. In the same term of court, in another case, (*Woffenden* v. *Charauleau,* 1 Ariz. 346, 25 Pac. 662) the same question was again considered, and again this court decided that

the rents and profits of the separate estate of a married woman accruing during coverture are as absolutely hers as the property of which they are the fruits.

These cases have now for over 10 years stood as the construction of the act of 1871 by the highest tribunal of this territory, and have become a rule of property. Contracts have been entered into, property bought and sold, real estate acquired, and valuable and lasting improvements made, on the faith of these decisions; and to overrule them now would work great confusion to property rights established upon the law as laid down in these cases. If the doctrine of *stare decisis* might ever be invoked, we think that this is the case. It is true that in an opinion filed October 18, 1885, (*Woffenden* v. *Charouleau,* Ante p. 44, 8 Pac. 302,) the doctrine of these cases was questioned by this court. The court below decided that rents and profits were separate estate, and that property purchased therewith was separate estate. This ruling the court questioned, but affirmed the judgment on the ground that the defendant was a *bona fide* purchaser of the real estate sued for. So far as the opinion in that case discusses the question as to the ownership of the rents and profits, and of the property purchased therewith, as between the husband and wife, it is purely *obiter dicta,* and is no part of the question decided, which was that the defendant obtained a good title from the wife, and affirmed the judgment of the court below. We do not concur with that portion of the opinion in that case. It is time this vexed question were laid at rest.

The judgment of the court below is affirmed.

Shields, C. J., and Porter, J., concur.