[Civil No. 160. Filed July 9, 1886.]

[S. C. 11 Pac. 314.]

T. L. STILES, Assignee, Plaintiff and Respondent, v. ANNIE E. LORD, Defendant and Appellant.

1. HUSBAND AND WIFE—POWER OF MARRIED WOMEN TO CONTRACT— EMANCIPATED IN 1864 BY COMP. LAWS 1877, p. 327, par. 1960, 1961, 1962, and 1963—REPEALED BY IMPLICATION IN 1865 BY COMP. LAWS 1877, p. 328-332, par. 1967-1999, WHICH ENACTED THE COMMUNITY SYSTEM—REPEALED IN PART IN 1871 BY COMP. LAWS, p. 332, par. 2000, WHICH PROVIDES MARRIED WOMEN SHALL HAVE EXCLUSIVE CONTROL OF SEPARATE PROPERTY—MILLER v. FISHER, 1 ARIZ. 232, 25 Pac. 651, CRITICIZED AND DISTINGUISHED—ACT OF 1865 AND 1871 TO BE CONSTRUED TOGETHER WITHOUT REGARD TO ACT OF 1864 REPEALED—WOFFENDEN v. CHAROULEAU, ANTE, 91, 11 Pac. Rep. 117, CHAROULEAU v. WOFFENDEN, 1 ARIZ. 243, 25 Pac. Rep. 652, AND WOFFENDEN v. CHAROULEAU, 1 ARIZ. 346, 25 Pac. Rep. 662, CITED AND APPROVED.—In 1864 (Comp. Laws, 1877, 327) was enacted chapter 32 of the Compiled Laws, *supra,* which completely emancipated a married woman, but in 1865, *supra,* there was enacted "An act amendatory of chapter 32, Howell Code," which, although it does not in terms amend the former law, and has no repealing clause, is a complete code of the law of husband and wife, so far as their property is concerned, and must be held to repeal the act of 1864 by implication. This statute enacted for this territory the community system—*communio bonorum*— which is founded in the civil law  It has no dower or courtesy. By that law the property of husband and wife owned before marriage, or acquired thereafter by gift, etc., is separate property; all property acquired after marriage other than by gift, etc., is common property; the husband has power of management and control of separate property of wife but cannot sell it except by writing signed by both husband and wife, and has entire management and control of common property, with absolute power of sale and the rents and profits of separate

property become common property. This system, established in 1865, remained unchanged until 1871, when the statute, *supra,* which provides that "married women of the age of twenty-one years and upwards shall have the sole and exclusive control of their separate property;" and may convey lands without being joined by their husbands, was passed, repealing so much of the act of 1865 as is in conflict with it, and no more. *Miller* v. *Fisher, supra,* approved in holding that married woman may make valid contract for sale of personal property; and disapproved in reasoning that the act of 1871 by repealing part of act of 1865 thereby revived the act of 1864; *Held,* that act of 1865 and 1871 must be construed together without regard to the act of 1864, which must rest repealed. *Woffenden* v. *Charouleau* cases, *supra,* approved in holding that the rents and profits of the separate estate of the wife are her separate property.

2. SAME—POWER OF MARRIED WOMAN TO CONTRACT—UNDER ACT OF 1871 MAY SELL LAND OR PERSONALTY BELONGING TO SEPARATE ESTATE—NEGOTIABLE INSTRUMENTS—MARRIED WOMAN, UNDER ACT SUPRA, HAS NO POWER TO MAKE CONTRACT OF INDORSEMENT—MAY NOT MAKE CONTRACT OF GUARANTY—MARRIED WOMEN'S ACTS TO BE LIBERALLY CONSTRUED—STATUTE DOES NOT EMPOWER HER TO CONTRACT GENERALLY.—Under act of 1871 a married woman has the power to sell her separate property without her husband joining. It is not necessary to the transfer of a promissory note that she have the power to enter into contract of indorsement, and under such statute a wife's indorsement of a bill or note is inoperative beyond divesting her of her title therein. Neither may she make a contract of suretyship or guaranty. Married women's acts are to be construed liberally, to further the objects to be attained. But the law does not empower her to contract generally and it cannot be extended to the making of contract of endorsement.

APPEAL from a judgment of the County Court in and for the County of Pima. Reversed.

The facts are stated in the opinion.

Hoover & Satterwhite, for Appellant.

Act of 1871, Comp. Laws, 332, provides that, "Married women of the age of 21 years and upward shall have the sole and exclusive control of their separate property; and may convey and transfer lands or any estate or interest therein, vested in or held by them in their own right and without

being joined by the husband in such conveyance as fully and perfectly as they might do if unmarried.''

It is absolutely certain that this section does not attempt to change the rule as to transfer of personal property, so with the latter portion of the provision we have nothing to do. The first clause vests in her the control of all her property; it cannot be claimed that the word control includes a right of conveyance or of transfer, it is used in the limited sense of being synonymous with management, otherwise an express power to convey real property would not have been necessary, for if the word imports the right to transfer personal property, it would also import the right to convey real property.

An examination of Married Women's Statutes shows that the word control has never been used in any broader sense than that above stated, and that no power of sale, transfer, or warranty of real estate, or guaranty of personal property has ever been held to be created by implication. The only exception to this is the case of *Miller* v. *Fisher,* 1st Arizona. This case has neither law, precedent nor reason to support it.

All that the act of 1871 attempts to do is to transfer this right of ''management and control'' from the husband to the wife and in addition thereto to give to the wife the right of alienation as to real property. This is all that it does. The old section is repealed *pro tanto,* but this does not leave in the wife any right to alienate personal property any greater than she had before and most certainly vests in her no right whatever to contract, and it is upon an executory contract made by her that plaintiff seeks to recover.      ·

The doctrine of repeal by implication absolutely prevents the revival of the original statute. The reason that the statute is repealed by implication is because the new Act being inconsistent with the old, supplants it, standing in its place.

J. A. Anderson and John Haynes, for Respondent.

The law governing this question, and regulating the present *status* of the married woman, is the first section of the Act of 1864 (Compiled Laws, page 327), and the Act of 1871 (Compiled Laws, page 332) ; *Miller* v. *Fisher,* 1 Ariz. 232, 236,

25 Pac. 651; *Charouleau* v. *Woffenden,* 1 Ariz. 243, 258, 262, 25 Pac. 652; *Glover* v. *Alcott,* 11 Mich. 489.

This contract of endorsement is not an independent contract aside from and without reference to her separate property, but is in and about her separate property and for its benefit, and a means of selling and disposing of it to the best advantage, and "in the same manner" and "on the same footing" as other persons can. *Russel* v. *People's Savings Bank,* 39 Mich. 671, 33 Am. Rep. 444; *Alexander* v. *Bouton,* 55 Cal. 15; *Marlow* v. *Barlew,* 53 Cal. 456; Schouler on Husband and Wife, page 304, par. 258.

The Act of 1865 does not repeal, but substitutes for the Act of 1864. Section 6 of the Act of 1865 is substituted for the latter portion of the First Section of the Act of 1864. Section 6, of Act of 1865, is repealed by Act of 1871, and the latter portion of the First Section of the Act of 1864 is restored to its full vigor. In other words, the latter portion of the Act of 1864 gave the wife the right to sell, contract and transfer her separate property the same as if she were a *feme sole;* the sixth section took this right away from her and gave it to husband and wife jointly. The Act of 1871 repealed the sixth section of 1865, by reinstating the wife in the absolute control of it. To sell property and contract in reference thereto is a necessary incident to the "sole and exclusive control" of it.

BARNES, J.—Plaintiff sued defendant on a contract of indorsement of a promissory note executed by Alexander Levin and Zenona Levin, and payable to the order of defendant, and indorsed and transferred by her, before maturity, for a valuable consideration. The record shows that at the time of the execution and delivery of this note to defendant, and the indorsement by her, she was a married woman, and that she still is such; that the said note was of her separate estate. The sole question presented is whether she is liable on said contract of indorsement. This must be determined by an examination of the statutes of this territory.

In 1864 (Comp. Laws, 327) was enacted chapter 32 of the Compiled Laws. It is as follows: "The real and personal estate of every female acquired before marriage, and all

property real and personal to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female; and shall not be liable for the debts, obligations or engagements of her husband; and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her in the same manner, and with the like effect, as if she were unmarried.'' Section 2 provides that any trustee of any married woman may convey to her, and pay to her, rents and profits, for her sole use and benefit. Section 3 provides that suits may be brought by and against her as if she were sole. Section 4 provides that her husband shall not be liable for her contracts. This completely emancipated her.

In 1865 (Comp. Laws, 328) there was enacted ''An act amendatory of chapter 32, How. Code.'' The act consists of 33 sections. It does not in terms amend any particular section or clause in the former law, and has no repealing clause. It is a complete code of the law of husband and wife, so far as their property is concerned, and must be held to constitute the body of the law on that subject, and to take the place of the act of 1864, and to repeal it by implication. This law enacted for this territory the community system,—*communio bonorum*,—which, founded in the civil law, prevailed in France and among the Spanish people, and was brought over to the new world by them, and found its way to Mexico, Louisiana, Florida, and has spread to California, Texas, Arizona and New Mexico, and there takes the place of the common law. *Packard* v. *Arellanes*, 17 Cal. 537; *Burr* v. *Wilson*, 18 Tex. 370.

It has no dower or courtesy. By that law the property of husband and wife owned before marriage, or acquired thereafter by gift, bequest or devise, or descent, shall be the separate property of each; and all property acquired after marriage other than by gift, etc., shall be the common property. The common law knows no such title to property. The husband had power to ''manage and control'' the separate property of the wife, but could not sell or incumber, except by a writing signed by both husband and wife. *O'Brien* v. *Foreman*, 46 Cal. 81. The husband had entire management and control

of the common property, with absolute power of sale, and the rents, and profits of separate property become common property. *Scott* v. *Ward,* 13 Cal. 471; *Noe* v. *Card,* 14 Cal. 577; *Fuller* v. *Ferguson,* 26 Cal. 556; *Wilson* v. *Castro,* 31 Cal. 421; *Yates* v. *Houston,* 3 Tex. 452; *Wilkinson* v. *Wilkinson,* 20 Tex. 242; *Wright* v. *Hays,* 10 Tex. 133, 6 Am. Dec. 200; I Burge, Col. Law, 202; *Childress* v. *Cutter,* 16 Mo. 24.

This was the system established by the law of 1865, and it remained unchanged until 1871, when was enacted the law which provides (Comp. Laws, 332) that "married women of the age of twenty-one years and upwards shall have the sole and exclusive control of their separate property; and may convey, etc., "lands," etc., "without being joined by the husband, as fully and perfectly as they might do if unmarried." This law repeals so much of the law of 1865 as is in conflict with it, and no more. While we concur with *Miller* v. *Fisher,* 1 Ariz. 232, 25 Pac. 651, in holding that a married woman may make a valid contract for the sale of personal property, which was the only question before the court, we cannot concur with the reasoning of that case that the act of 1871, by repealing section 62 of the act of 1865 as in conflict with it, *ex vi termini* revives the act of 1864; but hold, rather, that the act of 1865 and the act of 1871 must be construed together, without regard to the act of 1864, which must rest as repealed. We held at this term (*Woffenden* v. *Charouleau,* ante p. 91, 11 Pac. 117) that the rents and profits of the separate estate of the wife and her separate property, as was held in *Charouleau* v. *Woffenden,* 1 Ariz. 243, 25 Pac. 652, and in *Woffenden* v. *Charouleau,* 1 Ariz. 346, 25 Pac. 662. *Miller* v. *Fisher,* 1 Ariz. 232, 25 Pac. 651, held that she might make a valid contract of the sale of her separate personal property. But may she make any kind of contract of sale? At common law a married woman could not make a valid contract at all binding her. What power she now here has to contract must be found in the words of the act of 1871. The words are: she "shall have the sole and exclusive control" of her separate estate. By the act of 1865, *supra,* the husband had the "management and control" of this property, and he might not sell it except by instrument in writing signed by him and her. To that extent—that is,

to the extent of contracting as to the sale of her separate property in writing jointly with her husband—she had the power to contract given by the act of 1865, but no further. The act of 1871, giving her the sole and exclusive control of her separate property, is held to have enabled her to sell without her husband jointly, and without doing so in writing, as to her personal property.

We are now asked to say that if she sells a *chose in action*, that is, a promissory note,—and indorses it with her name, that she has not only sold the note, and made a valid transfer of the same, but that, in addition thereto, she has made a contract of indorsement according to the custom of merchants; and that if the note be not paid by the maker, that recovery can be had against her on such contract of indorsement. We are not prepared to go that far. We think the former cases have gone far enough. It would be a long stretch of construction to say that the word "control" is to be held to repeal the common law, which prohibits a wife from making any contract, and to enable her to make any sort of a contract, so that it be as to her "separate property." This would be nothing more or less than judicial legislation. To hold that she may make a simple contract of sale of her separate property seems a necessary incident to the "control" of her property. Somebody should have this power. The act of 1865 gave it to both jointly, and it is fair construction to hold that the act of 1871 gave this power to her; but we are not prepared to extend it beyond such a simple contract as if necessary to the sale of personal property. The contract of indorsement is not a necessary or essential contract for the sale of a promissory note. She may transfer her title without making this contract of guaranty. The argument of convenience so forcibly urged cannot help us to construe a statute. That is an argument to be addressed to the law-making power.

The state of New York, in 1848-49, enacted one of the first of the modern married women's statutes. That provides that any married woman may take by inheritance, gift, etc., and hold to her sole and separate use, and convey and devise, real and personal estate. In the case of *Yale* v. *Dederer*, 18 N. Y. 265, 72 Am. Dec. 503, that law came before the

courts of that state for construction, and that is the leading case on the subject. In that case a married woman had executed a promissory note, with her husband as his surety. The court held that the contract was void, and that it could not be made a charge upon her separate estate in equity. The learned justice in his opinion says: "A married woman may 'convey and devise' real and personal property as if she were unmarried. I think it is plain, however, that the statute does not remove the incapacity which prevents her from contracting. She may convey and devise her real and personal estate, but her promissory note, or other personal engagement, is void, as it always was, by the rules of the common law." The case was again before that court, (22 N. Y. 450, 78 Am. Dec. 216,) and in a very able opinion by Shelden the doctrine of the case was again declared. This case created a profound impression, provoked much discussion, and was met with serious dissent, not so much however, as to its construction of the statute, as its refusal to make the debt an equitable charge upon her separate estate. *Todd* v. *Lee*, 15 Wis. 400; *Grapengether* v. *Fejervary*, 9 Iowa, 163. 74 Amer. Dec. 336; *Mayo* v. *Hutchinson*, 57 Me. 546; *Cummings* v. *Sharpe*, 21 Ind. 331; *Major* v. *Symmes*, 19 Ind. 117; *Miller* v. *Newton*, 23 Cal. 554; *Glass* v. *Warwick*, 40 Pa. St. 140, 80 Amer. Dec. 566.

The supreme court of Massachusetts (*Willard* v. *Eastham*, 15 Gray, 328, 79 Amer. Dec. 366) came to the support of New York in a similar case in a very able opinion, and the current of decision seems to have been turned. *Perkins* v. *Elliott*, 22 N. J. Eq. 127; *Cozzens* v. *Whitney*, 3 R. I. 79; *Jones* v. *Crosthwaite*, 17 Iowa, 393; *Maguire* v. *Maguire*, 3 Mo. App. 458; *Hudson* v. *Davis*, 43 Ind. 258; *Chatterton* v. *Young*, 2 Tenn. Ch. 768; *Nelson* v. *Miller*, 52 Miss. 410; *Maclay* v. *Love*, 25 Cal. 368, 85 Amer. Dec. 133; *Veal* v. *Hurt*, 63 Ga. 728; *Saulsbury* v. *Weaver*, 59 Ga. 254; *Robertson* v. *Wilburn*, I Lea, 633; *State Savings Bank* v. *Scott*, 10 Neb. 83; 4 N. W. 314; *Harris* v. *Finberg*, 46 Tex. 79.

If the words "convey and devise," which give to a married woman the power of disposing of and selling her real and personal estate, do not empower her to make a valid promissory note or other personal engagement, it cannot be con-

tended that the words "use and control" in our statute do so.  It was held in Indiana (*Moreau* v. *Branson*, 37 Ind. 195) that, under such statutes a wife's indorsement of a bill or note is inoperative beyond divesting her of her title therein. This is exactly our position in this case.  Neither may she make a contract of suretyship or guaranty.  *Russel* v. *Bank*, 39 Mich. 671, 33 Am. Rep. 444; *Perkins* v. *Elliott*, 22 N. J. Eq. 127; *Kohn* v. *Russell*, 91 Ill. 138; *Dunbar* v. *Mize*, 53 Ga. 435.

These married women's acts are to be construed liberally, to further the object to be obtained.  In this territory the object plainly was to give to her the use and benefit of her separate property controlled by herself.  Whatever powers are a fair and necessary incident to such use and control were given to her.  But the law did not empower her to contract generally.  The contract of indorsement is not necessary to a sale or transfer of a promissory note, and we cannot, by construction, extend it that far.

Judgment reversed and cause remanded.